**TOBYHANNA CONSERVATION ASSOCIATION, Plaintiff,**

**v.**

**COUNTRY PLACE WASTE TREATMENT COMPANY, Defendant.**

**Civ. No. 89–0823.**

United States District Court, M.D. Pennsylvania.

Sept. 20, 1989.

John E. Childe, Jr., Hummelstown, Pa., for plaintiff.

Gregory R. Neuhauser, Malatesta Hawke & McKeon, Harrisburg, Pa., Marshall E. Anders, Rosenblum & Anders, Stroudsburg, Pa., for defendant.

## MEMORANDUM

KOSIK, District Judge.

Plaintiff instituted the instant action in the Eastern District of Pennsylvania on April 3, 1989. The action was brought under Section 505 of the Clean Water Act, 33 U.S.C. § 1365. Specifically, plaintiff asserts that its members' interests in using Dresser Run Creek and Tobyhanna Creek are affected by defendant's continued discharges of pollution in violation of the terms and provisions of its National Pollution Discharge Elimination System (NPDES) permit, No. Pa–0060097. Plaintiff seeks declaratory and injunctive relief, penalties and costs.

On April 24, 1989, this action was transferred to the Middle District of Pennsylvania. On June 19, 1989, the defendant filed a motion to dismiss the complaint, or in the alternative for summary judgment. The basis of the motion is lack of jurisdiction and failure to state a claim upon which relief can be granted. A memorandum in support of defendant's motion and a reply memorandum were also filed.

In response to defendant's motion, the plaintiff has filed a host of motions to which responses have been filed. We will now attempt to dispose of each of these motions seriatim.

The motions filed by plaintiff to date are as follows: On July 5, 1989, plaintiff filed [1] a motion to preclude the declaration of Ronald Tussel and DER letter of March 24, 1984, which was denied by the court on July 14, 1989; [2] a motion to extend time to respond to defendant's motion to dismiss, which was found by the court to be moot on July 14, 1989; [3] a response to the defendant's motion to dismiss or in the alternative for summary judgment; [4] a petition for taking depositions of persons supporting defendant's motion to dismiss/summary judgment; and [5] a motion for partial summary judgment. On August 7, 1989, plaintiff filed [1] a petition for taking depositions of two persons supporting defendant's motion to dismiss summary judgment; [2] a motion to submit a supplemental memorandum in opposition to defendant's motion to dismiss or in the alternative for summary judgment; [3] a motion for approval to respond to defendant's reply to plaintiff's response to defendant's motion to dismiss or in the alternative for summary judgment; and [4] a motion for a hearing on the question of plaintiff's standing. Plaintiff also filed a brief in response to defendant's memorandum of July 26, 1989. On August 18, 1989, plaintiff filed [1] a motion to amend pleadings, and [2] an amended complaint. On August 21, 1989, defendant filed a motion for leave to file a surreply. Briefs have been filed by plaintiff in support of each of its motions and opposition briefs have been filed by defendant.

We will begin our analysis by addressing the defendant's motion to dismiss the complaint or, in the alternative, for summary judgment. The defendant raises three grounds in support of its motion, namely, that the complaint fails to establish the Association's standing to bring the action,

that the complaint fails to state a claim under the Clean Water Act since the alleged noncompliance which is "wholly past" is not cognizable, and that the DER's commencement of an administrative proceeding requires the court to abstain under 33 U.S.C. § 1319(g)(6). Defendant requests, in the alternative, that the action should be stayed pending an evaluation of the Company's recently installed breakpoint chlorination and dechlorination system.

■ First, the defendant argues that the plaintiff Association's complaint fails to establish its standing to bring this action. We disagree with the defendant's contention and find that the plaintiff does have standing to maintain the instant action.

While it is true that in order to meet the standing requirements, the plaintiff must demonstrate more than just a mere interest in a problem, it must demonstrate an actual injury, *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *Sierra Club v. SCM Corp*, 747 F.2d 99 (2d Cir.1984), we believe that plaintiff has met this standard. In its complaint, plaintiff submits that, "[t]he pollution of Dresser Run Creek and Tobyhanna Creek directly affects the health, economic and recreational as well as aesthetic interests" of plaintiff's members, "who live near, fish and/or hike along Dresser Run Creek and Tobyhanna Creek." Further, the affidavit of Bill Leonard Sr. [Doc. 16, Exhibit A] asserts that the members of the Association, including himself, use Tobyhanna Creek either for fishing and/or recreation and are negatively affected by defendant's conduct.

As the court stated in *Sierra Club v. SCM Corp.*, *supra*, plaintiff could establish standing by providing a concrete indication that plaintiff or one or more of its members used the body of water or would be affected by its pollution. Here, the plaintiff meets this standard when it avers in its complaint and affidavit that its members used the area recreationally and would be affected by its pollution. Accordingly, we find that the plaintiff's complaint establish-

es its standing to maintain the instant action.

■ Defendant next argues that the complaint fails to state a claim under the Clean Water Act since the alleged noncompliance concerns wholly past incidents and therefore is not cognizable. Defendant cites *Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), wherein the Supreme Court held that § 505 of the Clean Water Act does not confer jurisdiction upon the federal courts over suits for alleged violations of the Act which are "wholly past." The court did, however, recognize that good faith allegations of continuous or intermittent violations may be sufficient to invoke the jurisdiction of the court if they are well grounded in fact.

After reviewing the complaint and documents submitted by the parties, we find that the plaintiff has made good faith allegations regarding the alleged violations. As the court pointed out in *Gwaltney*, *supra*, the plaintiff is not required to prove their allegations of noncompliance, but only to allege such violations. Because we find that plaintiff's complaint and supporting documents [1] contained good faith allegations of continuous or intermittent violations, the company's motion for summary judgment will be denied at this time.

■ The defendant also argues that the commencement of an administrative proceeding by DER requires the court to abstain under 33 U.S.C. § 1319(g)(6), which precludes a citizen suit for any violation with respect to which "a state has commenced and is diligently prosecuting an action" under a comparable state law. In particular, defendant argues that DER is diligently pursuing an administrative proceeding under the Pennsylvania Clean Streams Act, 35 Pa.S.A. § 691.1–691.1001. The basis of defendant's argument is the commencement of an administration proceeding through a letter from DER to defendant on or about March 24, 1989, and the holding of an administrative conference on April 11, 1989. Plaintiff responds that

---

**1.** It should be noted that the complaint in the

instant action was filed on April 3, 1989.

an unsigned letter from DER setting an Administrative Conference out of which no order issued assessing a civil penalty, and in which no hearing was held subject to the terms of § 1319(g)(3), and for which no public notice was provided to interested persons, fails to evidence that the Commonwealth of Pennsylvania, through DER, "has commenced and is diligently prosecuting an action" under a comparable state law. We agree with plaintiff's argument and, thus, we will deny defendant's request that we abstain in the instant action.

■ As an alternative, the defendant requests that the action be stayed pending an evaluation of the defendant's recently installed breakpoint chlorination and dechlorination system. We do not believe that a stay should be granted in the instant action. The court in *Gwaltney, supra,* addressed the procedure to be followed in the event of a change in circumstances. However, in view of the filings to date, we believe that it would be premature to make any decisions which could substantially affect the outcome at this time. Rather, we believe that discovery should be allowed to proceed to a logical conclusion at which time properly substantiated dispositive motions may be submitted to the court. Accordingly, the defendant's motion to dismiss the complaint, or, in the alternative, for summary judgment will be denied. Likewise, we find that the plaintiff's motion for partial summary judgment on the issue of liability is inappropriate at this time. Because there are still outstanding issues of material fact which may be addressed through discovery, we will also deny the plaintiff's motion until a more appropriate time.

■ On August 18, 1989, plaintiff filed a motion to amend the pleadings. Specifically, plaintiff wishes to add subparagraphs 18(a) and 18(b) to the complaint. Subparagraphs 18(a) and 18(b) deal with a discharge into wetlands adjacent to Dresser Creek allegedly in violation of its permit. Briefs in support of and opposition to the motion were filed.

Defendant opposes the requested amendment to the complaint on two grounds: [1] that the amendment is contrary to the notice requirement under the Clean Water Act and [2] that the proposed amendment lacks authority and merit in that the downstream discharge in question is covered by the NPDES permit. After reviewing the briefs and arguments of counsel, we will grant the plaintiff's motion to amend the complaint. We believe that defendant's arguments as to the permit could more appropriately be addressed following the completion of discovery.

Finally, as we pointed out at the beginning, plaintiff has filed a plethora of procedural motions arising out of the previously disposed of motions. All such outstanding motions, not explicitly addressed by the court, will be denied. An appropriate Order will be entered.

## ORDER

NOW, THEREFORE, this 19th day of September, 1989, IT IS HEREBY ORDERED THAT:

[1] the defendant's motion to dismiss the complaint, or in the alternative, for summary judgment is denied;

[2] the plaintiff's motion for partial summary judgment is denied;

[3] the plaintiff's motion to amend the pleadings is granted;

[4] all outstanding procedural motions, not previously addressed by the court, are denied; and

[5] the defendant is allowed twenty [20] days from the date of this Order in which to respond to plaintiff's amended complaint.